UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARISA DEMUTIS,

                Plaintiff,                  **Hon. Hugh B. Scott**

                v.                            09CV92A

                                                  **Order**

SALLY BEAUTY SUPPLY LLC,

                Defendant.

Before the Court are (a) plaintiff's motion to compel (Docket No. 11[1]) and (b) defendant's motion for the parties to enter into a non-disclosure agreement prior to its production of certain proprietary information to plaintiff (Docket No. 19[2]). Responses to plaintiff's motion initially were due on or before January 20, 2010, with any reply due on or before January 29, 2010. Plaintiff's initial request that she obtain discovery responses during the pendency of this motion was denied in part and discovery deadlines set forth in the Scheduling Order (Docket No. 9) were held in abeyance pending resolution of this motion (Docket No. 12). Upon resolution of this motion, an amended Scheduling Order with new discovery schedule will be entered (Docket No. 12; cf. Docket No. 13 (setting forth new schedule)).

---

[1] In support of this motion, plaintiff submitted her attorney's Affidavit with exhibits, Docket No. 11, and her attorney's reply Affidavit, Docket No. 20. In opposition, defendant submitted its attorney's affidavit, Docket No. 18, as well as its motion (discussed below) for a non-disclosure agreement, Docket No. 19.

[2] In support of this motion, defendant submitted its attorney's affidavit with exhibits (including the proposed non-disclosure agreement), Docket No. 19. In opposition, plaintiff submitted her attorney's responding Affidavit, Docket No. 21.

The Court then erroneously learned that the discovery dispute underlying this motion was resolved (see Docket No. 13); the Court thus terminated the motion and set forth an amended Scheduling Order (id.). Upon correction, the motion was reinstated, the amendments to the Scheduling Order were rescinded, and a status conference was set for January 28, 2010 (Docket Nos. 14, 16), wherein defendant's response to this motion was reset to February 10, 2010 (Docket No. 16). Defendant indicated at that conference that it sought a non-disclosure agreement with plaintiff regarding certain proprietary information but plaintiff's counsel refused to enter into such an agreement and defendant stated that it would move for an Order (id.). Defendant thus was given until February 15, 2010, to so move and plaintiff's response to this motion was due by March 1, 2010, and all motions were deemed submitted (without oral argument unless otherwise determined by the Court) on March 1, 2010 (id.).

BACKGROUND

This is a removed diversity[3] personal injury action. Plaintiff alleged that, on November 5, 2006, she slipped and fell at defendant's Niagara Falls, New York, store (Docket No. 1, Notice of Removal, Ex. A, state Compl. ¶¶ 4, 10). After removing this action (Docket No. 1), defendant filed its Answer (Docket No. 4). A Scheduling Order was entered, with plaintiff's expert disclosure due by December 21, 2009, all discovery was to be completed by February 19, 2010 (Docket No. 9).

---

[3]Plaintiff is a citizen of Canada while defendant is a foreign corporation authorized to do business in New York, Docket No. 1, Notice of Removal ¶ 4. The state court Complaint alleged that defendant was a corporation based in Texas, id., Ex. A.

*Plaintiff's Motion to Compel*

Plaintiff moved, on December 14, 2009, to compel defendant to respond to all discovery demands by December 21, 2009, and to appear at a deposition by January 20, 2010 (Docket No. 11, Pl. Motion at 1). The specific scheduling portions of her motion were denied (Docket No. 12). Plaintiff also sought extension of her expert disclosure deadline until thirty days after the initial deposition of defendant and/or subsequent depositions of defendant's employees (Docket No. 11, Pl. Motion at 1). Defendant counters that it has produced much of the materials sought by plaintiff (Docket No. 18, Def. Atty. Aff. ¶¶ 7, 9) and has located other items sought by plaintiff (id. ¶¶ 10, 12). Defense counsel then advised the Court that the discovery dispute was resolved (id. ¶ 11), but this turned out to be premature. Defendant concludes that there is no dispute necessitating this motion and has no objection to discovery going forward (id. ¶ 15). Both sides seek a revised Scheduling Order to allow for conclusion of discovery (id. at page 4; Docket No. 11, Pl. Motion at 1).

Plaintiff, in reply, argues that defendant has failed to produce discovery sought since June 2009, including its false promise in November 2009 to provide discovery "in the next few days" (Docket No. 20, Pl. Atty. Reply Aff. ¶¶ 7, 8, 12). Plaintiff responds that defendant can not use the mediation process as an excuse for not responding to discovery demands and that mediation does not stay discovery (id. ¶¶ 9, 10). While these motions were pending, plaintiff sought a floor plan of the store and to schedule its inspection, but defendant has not responded to her recent inquiries (id. ¶¶ 20-21, Ex. A). Plaintiff now seeks an Order to allow for inspection of the premises, dates for deposition of defendant's employees at least thirty days after inspection, as well as response to outstanding discovery demands (id. ¶¶ 22, 23).

*Defendant's Motion for a Non-Disclosure Agreement*

Defendant responds to plaintiff's motion that it is willing to produce the discovery sought by plaintiff (see Docket No. 18, Def. Atty. Aff. ¶¶ 7, 8), but defendant's policy and procedure manual and training video is copyrighted proprietary information (Docket No. 19, Def. Atty. Aff. ¶¶ 2, 6-9). Defendant's corporate policy is to require all litigants to agree not to disseminate this information outside of the litigation and to return the materials at the conclusion of the case (id. ¶ 10), and defense counsel submitted a proposed agreement for plaintiff's counsel to execute (id. ¶ 10, Ex. C). Plaintiff's counsel, however, declined, stating that he has a policy of not signing non-disclosure agreements (Docket No. 18, Def. Atty. Aff. ¶ 12; cf. Docket No. 20, Def. Atty. Reply Aff. ¶ 14).

Plaintiff argues that the policies she seeks–for inspection of premises for hazardous conditions and for cleaning and removal of hazardous substances from the floor–are hardly proprietary and that defendant has the burden of proving that they were proprietary (Docket No. 20, Pl. Atty. Reply Aff. ¶¶ 13-14; Docket No. 21, Pl. Atty. Aff. ¶¶ 5, 9-14). She concludes that the so-called "proprietary" nature of these policies were raised at the last minute to avoid production (Docket No. 20, Pl. Atty. Reply Aff. ¶¶ 13, 16).

DISCUSSION

I.  Plaintiff's Motion to Compel

Defendant represents that it has produced or offers to produce materials sought by plaintiff but plaintiff contends that she has not received all of the materials sought. Defendant does not object to producing this material in general (save the non-disclosure of proprietary information, discussed below). Plaintiff's motion to compel (Docket No. 11) is **granted**.

Specifically, defendant shall respond to plaintiff's document demands **within twenty days of entry of this Order**, including forwarding the floor plan of the site of the incident to plaintiff's counsel; the parties shall schedule the inspection of the site **within forty days of entry of this Order** (that is, within twenty days after production of documents under this Order).

One key to disclosure of defendant's policies is the non-disclosure agreement sought by defendant.

II.Defense Motion for a Non-Disclosure Agreement

The issue here is whether defendant can compel plaintiff to execute a non-disclosure agreement before defendant produces its training video and operations manuals. The mere fact that defendant deems these items to be proprietary does not (by itself) render them to be proprietary.

What defendant seeks here is a protective Order under Rule 26(c). This Court has discretion to grant and establish the scope and nature of a protective Order, Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). "Where . . . the [discovery is] relevant, the burden is upon the party seeking non-disclosure or a protective order to show good cause," id. (quoting Penthouse Int'l, Ltd. v. Playboy Enterp., 663 F.2d 371, 391 (2d Cir. 1981)) (see Docket No. 21, Pl. Atty. Aff. ¶ 12).

Here, defendant merely argues that the documents containing the policies sought by plaintiff are copyrighted and are self-declared (without more) to be proprietary and confidential (see Docket No. 19, Def. Atty. Aff. ¶¶ 7, 8-9, 10-11, Ex. B). What plaintiff seeks are maintenance policies for defendant, hardly a proprietary matter. Defendant fails to show good

cause for compelling plaintiff to enter into a non-disclosure agreement and its motion for such relief (Docket No. 19) is **denied**.

III.     Amended Schedule

As a result of resolution of this motion practice, the Scheduling Order (Docket No. 9) needs to be amended to afford the parties time to complete discovery. Therefore, plaintiff's expert disclosure is due by **May 14, 2010**; defendant's expert disclosure is due by **June 7, 2010**; motions to compel further discovery are due by **June 14, 2010**; all discovery is to be completed by **July 14, 2010**.

Dispositive motions are due by **October 14, 2010**. Referral to mediation shall conclude by **November 22, 2010**. The deadline for pretrial statements and final pretrial conferences shall be set by Judge Arcara in a separate Order. All other dates not affected by this Order remain in effect.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel (Docket No. 11) is **granted**; defendant shall produce the sought materials within **twenty (20) days** of entry of this Order, and the inspection of the affected premises shall be scheduled within **forty (40) days** of entry of this Order, as specified above. Defendant's motion for a non-disclosure agreement (Docket No. 19) is **denied**.

The Scheduling Order in this case (Docket No. 9) is amended as stated above, with discovery to be completed by **July 14, 2010**, and dispositive motions filed by **October 14, 2010**.

So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Buffalo, New York
March 19, 2010