UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARISA DEMUTIS,

       Plaintiff,

                   **Hon. Hugh B. Scott**

      v.

                   09CV92A

                   **Report
&
Recommendation**

SALLY BEAUTY SUPPLY LLC,

       Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 5). The instant matter before the Court is defendant's motion for summary judgment (Docket No. 29)[1]. Responses to this motion were due by January 10, 2011, and any reply was due by January 24, 2011, and the motion was deemed submitted, without oral argument on January 24, 2011 (Docket No. 30).

## BACKGROUND

This is a removed diversity personal injury action. Plaintiff is a Canadian citizen and defendant is a foreign corporation authorized to do business in New York (Docket No. 1, Notice

---

[1]In support of its motion, defendant submits a statement of facts, appendix to statement of facts (with exhibits), defense counsel's affidavit, memorandum of law, Docket No. 29, and defense attorney's reply affidavit, Docket No. 32.
 In opposition, plaintiff submits her statement of disputed facts (disputing some of the facts asserted by defendant), her attorney's affidavit with exhibits, and memorandum of law, Docket No. 31.

of Removal ¶ 4; see also Docket No. 29, Def. Motion, Ex. C, Marsh EBT Tr. at 10 (Sally Beauty Supply headquarters are in Texas)). Plaintiff, a resident of Hamilton, Ontario, claims to have suffered injuries from a slip and fall in defendant's location in Niagara Falls, New York (Docket No. 29, Def. Statement ¶¶ 1-2). Plaintiff claims suffering damage in excess of the threshold for diversity jurisdiction (Docket No. 1, Notice of Removal ¶ 6, Ex. C). Defendant's statement of facts will be accepted, pursuant to this Court's Local Civil Rule 56 (effective Jan. 1, 2011) except where plaintiff expressly disputes a fact (mostly regarding the statements of an employee of defendant, as discussed below).

Plaintiff is self-employed as an owner of a hair salon in Hamilton (Docket No. 29, Def. Statement ¶ 2). On November 5, 2006, plaintiff, her sister, and another woman traveled to the United States for shopping in the Niagara Falls area, stopping at a Sally Beauty location on Niagara Falls Boulevard, Niagara Falls (id. ¶ 3). Plaintiff was familiar with the Niagara Falls Sally Beauty store from prior purchases there (id. ¶ 4). Plaintiff proceeded to the rear of the store, walking to the aisle farthest from the door to purchase some items (id. ¶¶ 6, 8). She recalls walking to the center (of three) aisles in the store and then does not recall falling or how she came to fall (id. ¶¶ 9, 10; see also Docket No. 32, Def. Atty. Reply Aff. ¶ 8). She recalled later being transported to a hospital and being told by her sister that she slipped on "oil" inside the store (Docket No. 29, Def. Statement ¶ 10).

Jean Marsh is currently the store manager at another location for Sally Beauty; the parties dispute her title as of November 2006, defendant claims that she was store manager while plaintiff indicates that she was cashier at the store (compare Docket No. 29, Def. Statement ¶ 11 (citing Docket No. 29, Ex. C, Marsh EBT Tr. at 5) with Docket No. 31, Pl. Statement of

2

Disputed Facts ¶ 11 (citing Marsh EBT Tr. at 8)[2]). Marsh recalled viewing defendant's training DVD when she began at Sally Beauty, including instructions on dealing with spills in the store (Docket No. 29, Def. Statement ¶ 13; but cf. Docket No. 31, Pl. Statement of Disputed Facts ¶ 13 (disputing when Marsh claimed she would get a wet floor sign)). The parties differ as to where the store kept cleaning solutions for floor spills (compare Docket No. 29, Def. Statement ¶ 14 (citing Docket No. 29, Ex. C, Marsh EBT Tr. at 24) (kept in stock room) with Docket No. 31, Pl. Statement of Disputed Facts ¶ 14 (citing Marsh EBT Tr. at 24) (kept at the register)). While paper towels were kept at the front register, the wet floor sign was in the stock room in the back of the store (Docket No. 29, Def. Statement ¶ 14).

Marsh became aware of the spill, at the intersection of the center aisle, and she almost walked into the spill herself (id. ¶ 17). What spilled was a glossing polish, an oil used on hair, forming an eight-inch diameter circular pool on the floor (id. ¶ 18). Marsh saw a broken container with the top broken off, returned to a shelf (id. ¶ 19). Marsh then placed two or three pieces of folded paper towel over the spill (id.). She walked to the center aisle calling out to everyone in the aisle to not go down the first aisle because there was a spill, she claims that she was shouting out loudly to everybody, including plaintiff (id. ¶¶ 20-21). Plaintiff disputes that Marsh talked to her that day and claims that Marsh did not say anything to plaintiff as Marsh went to the back store room to get the wet floor sign (Docket No. 31, Pl. Statement of Disputed Facts ¶¶ 20-21 (citing Marsh EBT Tr. at 34, 42-43)). Marsh testified that she spoke loudly in

---

[2]Plaintiff included as exhibits to her response copies of the deposition transcripts defendant cites and copied for its motion. For simplicity, the Court cites to defendant's set of exhibits.
The title Marsh testified to holding in November 2006 was cashier, sales associate, Docket No. 29, Def. Motion, Ex. C, Marsh EBT Tr. at 8.

3

general to those in the store, but did not say anything to plaintiff or to others individually (Docket No. 29, Def. Motion, Ex. C, Marsh EBT Tr. at 43). Marsh went to the back of the store to get the wet floor sign (Docket No. 29, Def. Statement ¶ 22) but, as she came out of the store room, Marsh heard a crash and went to the front to find plaintiff lying in the spill area (id. ¶ 23). A second employee, Susan Angelo, was at the cash register when Marsh made her aware of the spill (id. ¶ 27). Angelo could not see the spill from her location (id. ¶ 28). After cashing out customers, Angelo headed to the rear of the store to assist Marsh, when she heard a large noise (id. ¶ 29; Docket No. 29, Def. Statement Appendix, Ex. E, Angelo EBT Tr. at 24). Angelo then went to the aisle to see plaintiff lying on the floor in the vicinity of the spill (Docket No. 29, Def. Statement ¶ 30).

*Defendant's Summary Judgment Motion*

Defendant now moves for summary judgment dismissing plaintiff's claims. Defendant argues that there was not enough time to remedy the spill before plaintiff slipped and that defendant's staff was about to remedy the spill when plaintiff stepped in the substance (Docket No. 29, Def. Memo. at 4-5). Under New York tort law, a property owner must be afforded a reasonable opportunity to address any spill after its discovery (Docket No. 29, Def. Atty. Aff. ¶ 10; Docket No. 29, Def. Memo. at 3).

Plaintiff counters that defendant had made conditions on the floor worse, that defendant had time to remedy the spill and failed to do so. She raises the issue of fact whether defendant warned her of the spill. (Docket No. 31, Pl. Atty. Aff. ¶ 4.) Plaintiff indicates that defendant has not indicated the amount of time that elapsed between the spill being discovered and plaintiff's fall (Docket No. 31, Pl. Memo. at 5), raising an issue of fact as to the reasonableness of

defendant's response to the spill by placing paper towels on it (id.). Plaintiff claims that defendant created a hazardous condition by placing the paper towels on the floor (id. at 4; Docket No. 31, Pl. Atty. Aff. ¶ 22, Ex. H, Lezama Report).

In reply, defendant argues that Marsh dealt with the spill pursuant to company policy, by placing paper towels over it; defendant contends that by placing the paper it made the spill more visible (Docket No. 32, Def. Atty. Reply Affid. ¶ 4). Defendant denies creating the dangerous condition (id. ¶ 5). The store was relatively small, so a warning said loudly in the store would be heard throughout (id. ¶ 7). Defendant was addressing the spill, with Marsh getting a wet floor sign, when plaintiff slipped (id. ¶¶ 5, 6, 10). Defendant disputes the probative nature of the expert report plaintiff relies upon as to how defendant should have dealt with the spill, since the opinion was conclusory and the expert disclosure fails to comply with Federal Rule of Civil Procedure 26(a)(2)

## DISCUSSION

I.  Summary Judgment Standard

Since this action was removed to federal court, the Federal Rule of Civil Procedure 56 summary judgment standards apply and not those under New York procedural law, see. e.g., Villani v. National Marine Corp., No. 04CV654, 2008 U.S. Dist. LEXIS 36975, at *6-8 (W.D.N.Y. May 6, 2008) (Curtin, J.) (applying Rule 56 standards to summary judgment motion in removed action) (cf. Docket No. 31, Pl. Memo. at 2, citing N.Y. CPLR 3212(b)). Defendant moved pursuant to Rule 56 (Docket No. 29, Def. Notice of Motion). As a removed diversity action, procedures are governed by federal law and rules, see also 28 U.S.C. § 1447(a) (in any removed case, the district court may issue all necessary orders), while the substantive law is

governed by state law, see Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 n.4 (2d Cir. 2002); Johnson v. The Bon-Ton Dep't Stores, No. 05CV170, 2006 U.S. Dist. LEXIS 75671, at *9-11 (W.D.N.Y. Oct. 16, 2006) (Scott, Mag. J.).

Under Rule 56, summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir.

6

2002). The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011) (formerly Local Civil Rule 56.1). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id. Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

II.   Choice of Law and Legal Standard

All concede that New York substantive law is applicable, see Johnson v. The Bon-Ton Dep't Stores, supra, 2006 U.S. Dist. LEXIS 75671, at *9-11 (applying New York law to accident in this district involving New York plaintiff and Pennsylvania retailer defendant). Here, the plaintiff is a resident of Ontario, but the incident occurred in this District and defendant is identified only as a corporation doing business in New York. This Court first must apply the substantive law of our forum state (New York), including its choice of law regime, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). "New York's current choice-of-law rules

require the court to consider the following three elements: the domicile of the plaintiff, the domicile of the defendant, and the place where the injury occurred." Lucas v. Lalime, 998 F. Supp. 263, 267 (W.D.N.Y. 1998) (Heckman, Mag. J., R&R, adopted by Arcara, J.). Where more than one element is in the same state, that state's law should apply. Id.; Datskow v. Teledyne Continental Motors, 807 F. Supp. 941, 943 (W.D.N.Y. 1992) (Larimer, J.) Under New York choice of law rules, however, "the first step in any case presenting a potential choice of law is to determine whether there is an actual conflict between the laws of the jurisdiction involved." Matter of Allstate Ins. Co., 81 N.Y.2d 219, 223, 597 N.Y.S.2d 904, 905 (1993). This Court need not determine which forum's law applies where the relevant issue would turn out the same under the fora's law and no true conflict exists, Elgin Sweeper v. Melson, Inc., 884 F. Supp. 641, 648 (N.D.N.Y. 1995); Howard v. Clifton Hydraulic Press Co., 830 F. Supp. 708, 712 (E.D.N.Y. 1993). Additionally, where New York law and the other fora's laws have no material differences, New York law applies, Elgin Sweeper, supra, 884 F. Supp. at 648. Here, the parties have not suggested that Ontario law differs from New York law or would apply here. Therefore, this case will be examined under New York law.

Under New York law, a property owner in possession owes a duty to maintain the property in a reasonably safe condition. Basso v. Miller, 40 N.Y.2d 233. 386 N.Y.S.2d 564 (1976). The plaintiff must present evidence to show either that the defendant knew of the condition and did not remedy it, or that the condition existed for a sufficient length of time that, in the exercise of reasonable care, the defendant should have discovered and remedied it. Gordan v. American Museum of Natural History, 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646, 647 (1986). (Docket No. 29, Def. Memo. at 3.)

Defendant cites the Southern District of New York's decision in <u>Zoraida Gonzalez v. K-Mart Corp.</u>, 585 F. Supp. 2d 501 (2008), where the court granted defendant summary judgment where two to three minutes had passed between discovery of the spill and plaintiff's fall, holding that this period did not provide the store a reasonable opportunity to correct (Docket No. 29, Def. Memo. at 4). Plaintiff counters that defendant has not asserted how long between discovery and plaintiff's slip occurred here in order to claim the applicability of <u>Gonzalez</u> (Docket No. 31, Pl. Memo. at 5). Defendant also cites <u>Stasiak v. Sears Roebuck & Co.</u>, 281 A.D.2d 533, 722 N.Y.S.2d 251 (2d Dep't 2001), where a store gave a warning similar to the one Marsh gave after discovering the spill and plaintiff slipped while defendant was remedying the mess (Docket No. 29, Def. Memo. at 4). Plaintiff argues that defendant created an additional hazardous condition that renders <u>Stasiak</u> distinguishable (Docket No. 31, Pl. Memo. at 5-6).

III.  Application

   A.  Creating an Additional Hazard

Plaintiff claims that, by placing paper towels on the spill, defendant worsened the condition (Docket No. 31, Pl. Atty. Aff. ¶ 22, Ex. H, Lezama Report). Plaintiff's expert, Manny Lezama, has experience in food service operations and management of public locations for over fifteen years (<u>id.</u>, Ex. H). He concludes that "defendant's employee should not have placed paper towels on the spill and walked away from it prior to cleaning it up" (<u>id.</u>). Other opinions Lezama renders focus upon having a member of defendant's staff present at the spill to warn customers (<u>see</u> <u>id.</u>)

Defendant objects to the "expert" report, claiming that Mr. Lezama "offers nothing probative regarding the happening of this action," disputing his background in food service being

9

sufficiently scientific, technical or otherwise specialized to qualify him as an expert under Federal Rule of Evidence 702. Defendant also faults plaintiff's expert disclosure report as failing to comport with Federal Rule of Civil Procedure 26(a)(2). (Docket No. 32, Def. Atty. Reply Aff. ¶ 9.) Finally, defendant notes that Lezama's "conclusory opinion provides mere supposition without reasoning or evidentiary support" (id.).

Lezama's stated experience is entirely involving food service, not at a non-food retail establishment. He does not state the basis for his opinion that defendant's employee should not have placed towels on the floor and left before cleaning it up. Lezama does not say whether he is familiar with the spilled substance, as opposed to spilled food items, and the proper method for cleaning it (aside from reviewing defendant's training materials).

As for the completeness of Lezama's report for Rule 26(a)(2) purposes, the report covers each of the topics that the rule requires be discussed (such as the expert's complete opinion, the data considered, exhibits the expert intends to use, the expert's qualifications, publications and past cases testified in, and compensation paid). The question here is whether this person is truly an expert. But, at the summary judgment stage and drawing all inferences in favor of the non-movant plaintiff, **she raises an issue of fact whether defendant compounded the hazard of the spill by the step taken to remedy it**.

B. Reasonable Opportunity to Remedy Situation

The crucial issue here is whether defendant had a reasonable amount of time to address the detected spill before plaintiff reached it. Defendant was aware of the hazardous condition and was beginning to redress it and to place a warning sign notifying people of the hazard when plaintiff stepped in the spill. Defendant does not give a precise timeline of when events occurred

(such as when Marsh detected the spill, when she placed the paper toweling down, or when plaintiff approached the spill) for a determination of whether enough time or too much time elapsed between discovery and the fall for a reasonable amount of time to effect a clean up. Whether defendant acted reasonably **raises material issues of fact that should preclude summary judgment**.

      C.     Notice to Plaintiff

Plaintiff contends that she was not warned of the potential spill hazard (see Docket No. 31, Pl. Atty. Aff. ¶¶ 4, 15, 31). Marsh testified that she made a general warning to those in the store but did not speak in particular with any customer or with plaintiff (Docket No. 29, Def. Motion, Ex. C, Marsh EBT Tr. at 42-43, 54) while the second employee in the store, Angelo, did not recall warning anyone of the spill (Docket No. 29, Def. Motion, Ex. E, Angelo EBT Tr. at 25; Docket No. 31, Pl. Atty. Aff. ¶ 31). Therefore, plaintiff **has shown a material issue of fact** as to whether she was afforded notice afforded by defendant.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment (Docket No. 29) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 17, 2011